UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIGOBERTO MORENO,<br><br>Plaintiff,<br><br>v.<br><br>PERKINS WILL, INC., et al.,<br><br>Defendants. | Case No. 20-cv-02082-WHO<br><br>**ORDER DISMISSING CLAIMS FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM; ORDER TO SHOW CAUSE REGARDING DISMISSAL WITH PREJUDICE** |

      This is pro se plaintiff Jose Rigoberto Moreno's third case filed in this District. His other two cases, No. 19-cv-04206-EMC and No. 19-cv-04206-EMC, were dismissed for failure to prosecute. This case must also be dismissed for similar reasons.

      After conducting an initial review of this case pursuant to 28 U.S.C. § 1915(e)(2), I granted Moreno leave to amend his complaint and directed him to the Legal Help Desk. [Dkt. No. 15]. On April 30, 2020, he filed an amended complaint, and on May 11, 2020, filed another amended complaint that appears identical except that it refers to a compact disc of evidence submitted to the court. [Dkt. Nos. 17, 20]. On July 16, 2020, after reviewing Moreno's amended complaint ("Complaint") and the evidence that he submitted in connection with it, I found that Moreno's Complaint failed to state a claim on which relief may be granted and dismissed it. [Dkt. No. 31]. However, because it appeared possible that he may be able to state a 42 U.S.C. § 1983 claim based upon use of excessive force, I dismissed the Complaint without prejudice and gave Moreno the opportunity to file an amended complaint by August 17, 2020. *Id.* I again directed him to the Legal Help Desk to assist him if he chose to amend his complaint to bring a section 1983 claim. *Id.*

The July 16, 2020 Order was both mailed to Moreno at his address of record and emailed to him at his provided email address. On August 11, 2020, the mail was returned as undeliverable. [Dkt. No. 32]. On September 22, 2020, the Clerk of the Court emailed another copy of the July 16, 2020 Order to Moreno at his provided email address. To date, Moreno has not filed an amended complaint or otherwise responded to my Order.

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has affirmed "a dismissal where at least four factors support dismissal, . . . or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks and citation omitted).

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, Moreno has been provided ample time to prosecute his case, but he still has not filed an amended complaint or otherwise responded to my previous order. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (noting that failure to prosecute for "almost four months" weighs in favor of dismissal). This failure to prosecute hinders my ability to move this case forward toward disposition and suggests that Moreno does not intend to litigate this action diligently. Moreno's "petition has consumed some of the court's time that could have been devoted to other cases on the docket." *Galaza*, 291 F.3d at 642.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a

1  presumption is unwarranted here.

2  The fourth factor – public policy in favor of deciding cases on the merits – ordinarily
3  weighs against dismissal.  However, it is a plaintiff's responsibility to move toward disposition at
4  a reasonable pace and avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley*, 942 F.2d
5  648, 652 (9th Cir. 1991).  Moreno has not discharged this responsibility despite multiple
6  opportunities to state a viable claim.  While I am not deciding this case on the merits, I have
7  reviewed the Complaint and can neither identify a viable cause of action from the pleadings, nor
8  determine whether I would have jurisdiction if a viable claim does exist.  Under these
9  circumstances, the policy favoring resolution of disputes on the merits does not outweigh
10 Moreno's failure to file responsive documents within the time granted

11 The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.
12 Moreno had ample opportunity to amend his Complaint to state a viable claim but did not do so.
13 In both of my previous orders, I directed him to the Legal Help Desk to assist him in moving this
14 case forward.  Although the July 16, 2020 Order was returned as undeliverable via mail, it was
15 emailed to him at his provided email address twice.  He was granted sufficient time (four months)
16 in which to file an amended complaint.  Without an amended complaint, the operative Complaint
17 is deficient for the reasons stated in my July 16, 2020 Order.

18 For the foregoing reasons, I find that the factors weigh in favor of dismissal.  This action is
19 hereby DISMISSED for failure to prosecute and comply with court orders pursuant to Federal
20 Rule of Civil Procedure 41(b).  All claims other than the Section 1983 claim are dismissed with
21 prejudice.  Moreno is ORDERED TO SHOW CAUSE why the Section 1983 claim should not also
22 be dismissed with prejudice by filing a motion for leave to file an amended complaint with one
23 claim under Section 1983, and attaching the proposed amended complaint to the motion, no later
24 than December 21, 2020.  If a response is filed, I will determine if a cause of action is plausibly
25 stated and decide whether to allow that claim to proceed or to dismiss it (with or without prejudice
26 as appropriate).  If no response is filed, I will dismiss the Section 1983 claim with prejudice for

27

28

failure to state a claim as well as failure to comply with the orders of this court.

**IT IS SO ORDERED.**

Dated: November 20, 2020



William H. Orrick
United States District Judge