1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JOSE RIGOBERTO MORENO,                    Case No.  20-cv-02082-WHO

              Plaintiff,
8
                                              **ORDER DISMISSING SECTION 1983**
9         v.                                  **CLAIM WITH PREJUDICE**

10   PERKINS WILL, INC., et al.,               Re: Dkt. Nos. 33, 34, 35, 37, 38

              Defendants.
11

12

13          On July 16, 2020, after reviewing pro se plaintiff Jose Rigoberto Moreno's amended

14   complaint ("Complaint") and the evidence that he submitted in connection with it, I found that

15   Moreno's Complaint failed to state a claim on which relief may be granted and dismissed it.  Dkt.

16   No. 31.  However, because it appeared possible that he may be able to state a 42 U.S.C. § 1983

17   claim based upon use of excessive force, I dismissed the Complaint without prejudice and gave

18   Moreno the opportunity to file an amended complaint by August 17, 2020.  *Id.*

19          After approximately four months with no response from Moreno, on November 20, 2020, I

20   dismissed this action for failure to prosecute and comply with court orders pursuant to Federal

21   Rule of Civil Procedure 41(b).  Dkt. No. 33.  I dismissed all of Moreno's claims with prejudice

22   except for his Section 1983 claim.  *Id.*  I ordered Moreno to show cause why his Section 1983

23   claim should not also be dismissed with prejudice "by filing a motion for leave to file an amended

24   complaint with one claim under Section 1983, and attaching the proposed amended complaint to

25   the motion, no later than December 21, 2020."  *Id.*

26          On December 10, 2020, Moreno filed a motion for leave and proposed amended

27   complaint.  Dkt. No. 35.  Instead of focusing on why his Section 1983 claim for excessive force

28   should not be dismissed with prejudice, as my November 20, 2020 order instructed him to do,

United States District Court
Northern District of California

Moreno simply reiterates why he thinks his other claims for benefits, employment and housing should continue.  I have already dismissed those claims with prejudice and nothing in Moreno's proposed amended complaint leads me to conclude that I was mistaken.

Moreno's proposed amended complaint fails to state a plausible Section 1983 claim despite the ample opportunity I provided him to do so.[1]  Without allegations describing the incident that led to the purported use of excessive force or explaining which defendants took what action, he does not meet the minimal requirements set forth for notice pleading in Rule 8.  *See Simmons v. Aranda*, No. C 11-6190 SBA PR, 2013 WL 663922, at *2 (N.D. Cal. Feb. 22, 2013); *Beasley v. Thomas*, No. 12-CV-01640-WHO (PR), 2014 WL 4078235, at *3 (N.D. Cal. Aug. 18, 2014)

Having reviewed Moreno's filings and weighing the factors described in *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), I find it appropriate to dismiss Moreno's Section 1983 claim with prejudice.  Accordingly, this action is hereby DISMISSED in its entirety with prejudice.  The Clerk of Court shall close the case.

Because this case is dismissed in its entirety, Moreno's motions for electronic case filing, for leave to extend service to prosecute, and for entry of default and judgment are DENIED.  Dkt. Nos. 34, 37, 38.

**IT IS SO ORDERED.**

Dated: January 7, 2021

William H. Orrick
United States District Judge

---

[1] In his motion for leave to amend, Moreno complains that he received no assistance from the Legal Help Desk to prepare an amended complaint.  However, I note that the December 3, 2020 email exchange attached to his motion shows that the Legal Help Desk informed him that they are "not able to offer [Moreno] any *additional* appointments."  Dkt. No. 35 (emphasis added).

2