UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIGOBERTO MORENO,<br><br>    Plaintiff,<br><br>    v.<br><br>PERKINS WILL, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-02082-WHO<br><br>**ORDER RESOLVING MOTION FOR CLARIFICATION**<br><br>Re: Dkt. Nos. 46, 47, 49, 50, 51, 55, 56, 57 |

On July 18, 2024, pro se plaintiff Jose Rigoberto Moreno filed a motion requesting that I reinstate his excessive force claims against numerous San Francisco public officials, claims that I dismissed with prejudice over four years ago. *See* Dkt. No. 45 (Motion for Relief from Judgment).[1] Because Moreno failed to show justification for his more than three-year delay in moving for relief, I denied his motion. Dkt. No. 48 (Order Denying Motion to Reinstate Claim). He later asked me to "clarify" my order, arguing that it lacked "detailed reasoning." Dkt. No. 49.[2] My reasons for denying his motion were clearly expressed in that order, but I will restate them, briefly, here.

A motion for relief from judgment based on mistake (Rule 60(b)(1)) or newly discovered

---

[1] On July 16, 2020, after reviewing Moreno's amended complaint, I dismissed his claims for failure to state a claim upon which relief could be granted; I noted that he might have a claim for excessive force under 42 U.S.C. § 1983, so I gave him leave to amend. *See* Dkt. No. 31. I directed him to the Legal Help Desk for assistance if he chose to do so.

He did not amend, which led me to dismiss all but his section 1983 claims for failure to prosecute and order him to show cause why the section 1983 claim should not also be dismissed with prejudice. *See* Dkt. No. 33. In purported compliance with that order, he proposed an amended complaint that also failed to plausibly allege a section 1983 claim; it was in all meaningful ways identical to his prior complaints. *See id.*; *see also* Dkt. No. 35 (Proposed Amended Complaint). I then dismissed all of Moreno's claims with prejudice and entered final judgment closing the case on January 7, 2021. *See* Dkt. Nos. 39, 40.

[2] Moreno also re-filed several Motions for Leave to Proceed In Forma Pauperis and Motions for Permission for Electronic Case Filing. Because I denied his motion to reinstate the case, and that decision has not changed, those motions are DENIED as moot.

1 evidence (Rule 60(b)(2)) shall be made "no more than a year after the entry of the judgment or
2 order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Final judgment was entered in
3 Moreno's case on January 7, 2021.  *See* Dkt. No. 50.  More than three years later, Moreno moved
4 for relief from that judgment under Rule 60(b)(1) and Rule 60(b)(2), asking that I reinstate his
5 claims.  *See* Dkt. No. 45.  That is far outside the one-year deadline.  As I explained to Moreno in
6 the prior order, to the extent that his motion for relief was brought pursuant to Rule 60(b)(1) and
7 Rule 60(b)(2), it failed as a matter of law.  *See* Dkt. No. 48.  Nothing has changed since I issued
8 that order.

9 I also explained that a motion for relief from judgment based on "any other reason that
10 justifies relief" (Rule 60(b)(6)) must be made within a "reasonable time" considering the
11 circumstances.  *See* Fed. R. Civ. P. 60(c); *see also U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d
12 1047 (9th Cir. 1993).  "The rule is to be utilized only where extraordinary circumstances have
13 prevented a party from taking timely action to prevent or correct an erroneous judgment." *Alpine*
14 *Land*, 984 F.2d at 1050.  Moreno did not show that "unique and compelling circumstances"
15 prevented him from seeking relief earlier.  *See* Dkt. No. 48, at 2-3 (explaining that Moreno did not
16 meet the Rule 60(b)(6) standard for relief).  As I stated in the prior order, while I recognize and
17 sympathize with the health problems Moreno experienced in July 2020 (*see* Dkt. No. 45 at 3-4)
18 and the medical treatment he received in Europe at various times between 2021 and 2024 (*see id.*),
19 these are not the kind of extraordinary circumstances that would justify a three-year delay between
20 judgment and Moreno's request for relief.  My prior order stands.

21 **IT IS SO ORDERED.**

22 Dated: February 26, 2025

William H. Orrick
United States District Judge

2